UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARY BURDINE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| OPTIMA RECOVERY SERVICES LLC, ) | Jury Trial Demanded |
| ) | |
| Defendant. ) | |
| ) | |

# COMPLAINT

## INTRODUCTION

1. This action arises out of Defendant Optima Recovery Services LLC (hereinafter "Optima") violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") in its illegal efforts to collect a consumer debt from Plaintiff Mary Burdine (hereinafter "Plaintiff") that the Plaintiff no longer owes to National Fitness Center, Inc. (hereinafter "National Fitness").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here, Plaintiff resides here, and Optima transacts business here.

## PARTIES

4. Plaintiff is a natural person who resides in Knox County, Tennessee.

5. Optima is a for-profit foreign corporation (Delaware) registered to do business in Tennessee with a principal office located at 6215 Kingston Pike, Ste A, Knoxville, TN 37919-4044 that maintains Corporation Service Company, 2908 Poston Ave, Nashville, TN 37203-1312 as its registered agent.

**FACTUAL ALLEGATIONS**

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Optima is an agent of National Fitness and regularly engages in the business of using the mails and telephone system, sending collection letters, reporting to credit reporting agencies, including TransUnion, and hiring attorneys to bring legal actions against consumers for debts alleged to be owed to National Fitness and other entities and persons, all in an effort to collect consumer debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Optima has alleged that Plaintiff incurred an obligation to pay money arising out of transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and the obligation is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely a debt alleged to be owed to National Fitness (hereinafter "debt").

9. After default, the debt was assigned to Optima by the National Fitness or was otherwise acquired by Optima for purposes of collection from the Plaintiff.

10. The debt Optima is attempting to collect from the Plaintiff for National Fitness did not involve a contract signed by the Plaintiff with National Fitness.

11. On May 9, 2018, a legal action was brought in the Knox County General Sessions Court (hereinafter "General Sessions Court") against the Plaintiff by attorney Stanley F. Roden

(hereinafter "Mr. Roden") on behalf of National Fitness.  **Copy of the legal action filed as exhibit 1 to this Complaint (hereinafter "Doc. 1-1").**

12. The civil summons filed as part of the legal action states that National Fitness is the state court plaintiff and that the legal action was brought against Plaintiff by National Fitness "[f]or [d]efault on sworn account in the amount of $5,781.78 [p]lus attorney fee of $1,156.36, if applicable for the total of $6,938.14. **Plus the cost of this action." See Doc. 1-1, p. 1.** (bold in original)

13. The legal action was served on the Plaintiff on May 22, 2018.

14. After the Plaintiff was served with the legal action, she hired an attorney to represent her in defending the legal action.

15. Plaintiff's attorney advised her to allow a default judgment to be entered in the General Sessions Court and appeal the judgment to the Knox County Circuit Court (hereinafter "Circuit Court").

16. After the Plaintiff agreed to do so, her attorney contacted Mr. Roden and advised him how the Plaintiff wished to proceed with the lawsuit.

17. On January 23, 2019, a default judgment was entered against the Plaintiff in General Sessions Court for the amount of $6,938.14.

18. On February 4, 2019, the Plaintiff filed a timely notice of appeal to Circuit Court.

19. In response to the complaint filed by National Fitness in Circuit Court, the Plaintiff disputed and denied that she owed the debt to National Fitness.

20. On February 5, 2020, an Agreed Order of Settlement and Dismissal was entered in the Circuit Court which stated:

> COMES now the parties, by and through their respective counsel, who represent to the Court by their signatures below that this matter has been

3

fully comprised and settled, and that the lawsuit by [National Fitness] against the [Plaintiff] is dismissed with prejudice and that [National Fitness] shall pay the court costs of this matter, including the costs of appeal and the unpaid General Sessions Court cost.

**IT IS THEREFORE ORDERED:**

1. That Plaintiff's lawsuit against the Defendant is dismissed with prejudice.

2. That the costs of this cause are taxed to [National Fitness], c/o its attorney, Stanley F. Roden, 10269 Kingston Pike, Knoxville, TN 37922, for which execution may issue if necessary.

**Copy of Agreed Order filed as exhibit 2 to this Complaint (hereinafter "Doc. 1-2").**

21. The entry of the Agreed Order by the Circuit Court dismissing the legal action with prejudice means that the Plaintiff does not owe a debt to National Fitness including the principal, collection fees, and late fees (total sum of $5,781.78), or attorney fees ($1,156.36), or any court costs.

*Collection Communications*

22. A "communication" under the FDCPA means conveying the information regarding a debt directly or indirectly to any person through any medium. 15 U.S.C. § 1692a(2).

*TransUnion Credit Report*

23. TransUnion is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) that regularly engage in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing credit reports to consumers and third parties.

24. Plaintiff obtained a copy of her TransUnion credit report dated July 23, 2020, which shows that Optima is communicating information about the debt to the Plaintiff, TransUnion, and any other person or entity allowed to access the Plaintiff's TransUnion credit information.

25. Each reporting of the debt to TransUnion is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). *See Fulk v. LVNV Funding LLC*, 55 Supp. 3d 967, 973 (E.D. Ky. 2014) ("The Sixth Circuit has assumed, without concluding, that reporting a debt to a credit agency constitutes a 'collection activity' under the FDCPA. *Purnell v. Arrow Fin'l Servs., LLC*, 303 Fed. Appx. 297, 304 n.5 (6th Cir. 2008); *See also Riveria v. Bank One*, 145 F.R.D. 614 (D. P.R. 1993); *accord Blanks v. Ford Motor Credit*, 2005 WL 43981, at *3 (N.D. Tex. Jan. 7, 2005) (communicating information to credit reporting agency is a communication in connection with the collection of a debt); *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d 492, 503 n.4 (D. Md. 2004) (reporting debt is "in connection with" debt collection); *Sullivan v. TransUnion*, 2002 WL 799856, 2002 U.S. Dist. LEXIS 7884, at *15, (E.D. Pa. April 19, 2002) (reporting a debt is a powerful collection tool); *Ditty v. Checkrite, Ltd.*, 973 F. Supp. 1320, 1331 (D. Utah 1997) (reporting debt information to others is designed to give collector additional leverage over debtor); *In re Sommersdorf*, 139 B.R. 700, 701 (Bankr. S.D. Ohio 1991).

26. Although the state court legal action was dismissed with prejudice on February 5, 2020 Optima has continued to communicate to the Plaintiff, TransUnion, and any other person or entity allowed to access the Plaintiff's TransUnion credit information that the Plaintiff still owes the debt to National Fitness and that the amount has increased as of July 15, 2020 to $7,839.00.

27. Each reporting to TransUnion in the last year that the Plaintiff still allegedly owes the debt to National Fitness by Optima to the Plaintiff, TransUnion, and any other person or entity allowed to access the Plaintiff's TransUnion credit information, is a communication by Optima in connection with collection of a debt that conveys information regarding the debt,

including the name of the creditor the Plaintiff allegedly owes and the amount the Plaintiff allegedly owes, and is a "communication" as defined by 15 U.S.C. § 1692a(2).

28. Each reporting of the debt by Optima to the Plaintiff, TransUnion, and any other person or entity allowed to access the Plaintiff's TransUnion credit information, with the original creditor listed as National Fitness, sought to collect a purported consumer debt incurred for personal, family or household purposes, and not for business purposes, specifically a balance the Plaintiff allegedly owes for a health club membership.

## FDCPA CLAIMS

29. The FDCPA is a federal statute which regulates debt collectors in the collection of consumer debts. **See 15 U.S.C. §§ 1692 *et seq.***

30. Congress passed the FDCPA because "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors . . . , [e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers . . . , and [m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." **15 U.S.C. §§ 1692 (a), (b), and (c).**

31. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." **15 U.S.C. § 1692 (e).**

32. The Sixth Circuit reaffirmed in *Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d. 443, 448-449 (6th Cir. 2014) that: "'The Fair Debt Collection Practices Act is an extraordinarily broad statute' and must be construed accordingly. *Frey v. Gangwish*, 970

F.2d 1516, 1521 (6th Cir. 1992)"; *see also Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014).

33. "'Courts must view any alleged [FDCPA] violation through the lens of the 'least sophisticated consumer'—the usual objective legal standard in consumer protection cases.' *Gionis v. Javitch, Block, Rathbone, LLP*, 238 F. App'x 24, 28 (6th Cir. 2007). (internal quotation marks and citations omitted); *see also Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008)". *Stratton, supra*, at 450.

34. "Debt collection is performed through 'communication,' . . . 'conduct,' . . . or 'means'. These broad words suggest a broad view of what the Act considers collection . . . [I]f a purpose of an activity taken in relation to a debt is to 'obtain payment' of the debt, the activity is properly considered debt collection." *See Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 461 (6th Cir. 2013).

### *Optima's FDCPA Violations*

35. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

36. By attempting to collect a debt from Plaintiff that is not owed by the Plaintiff to National Fitness by communicating in the last year to the Plaintiff, TransUnion, and any other person or entity allowed to access the Plaintiff's TransUnion credit information that the Plaintiff owes an amount she does not legally owe and that she has disputed, Optima is:

   (a) causing actual damages to the Plaintiff by reporting to TransUnion credit information that the Plaintiff owes a debt she does not owe, which lowers her credit score;

   (b) falsely representing the character, amount, and legal status of the debt the Plaintiff allegedly owes and any compensation which may be lawfully received by Optima

for collection of the debts, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), and 1692e(10);

(c) communicating credit information to the Plaintiff, TransUnion, and any other party allowed to access Plaintiff's TransUnion credit report information, which is known, or which should be known to be false, including the failure to communicate that a disputed debt is disputed, in violation of 15 U.S.C. § 1692e(8); and

(d) using unfair and unconscionable means to collect or attempt to collect any debt by collecting or attempting to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount is not permitted by law, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

*Summary*

37. The above-detailed conduct by Optima in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of multiple provisions of the FDCPA including, but not limited to the above-cited provisions.

## TRIAL BY JURY

38. Plaintiff is entitled to and hereby respectfully demands a trial by jury. **U.S. Const. amend. 7; Fed.R.Civ.P. 38.**

## CAUSES OF ACTION

### COUNT I-VII

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B),
1692e(8), 1692e(10), 1692f, and 1692f(1)**

39. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

40. Optima's foregoing acts and omissions constitute numerous and multiple FDCPA violations including, but not limited to each and every one of the above-cited FDCPA provisions, with respect to Plaintiff.

41. As a result of Optima's FDCPA violations, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Optima.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Optima:

### COUNT I-VII

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(8), 1692e(10), 1692f, and 1692f(1)**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Optima and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against Optima and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Optima and for Plaintiff; and

- for such other and further relief, as may be just and proper.

07/24/20                      Respectfully submitted,

**MARY BURDINE**

s/ Alan C. Lee
Alan C. Lee, BPR # 012700
P. O. Box 1357
Talbott, TN 37877-1357
(423) 581-0924
aleeattorney@gmail.com


s/ Brent S. Snyder
Brent S. Snyder, Esq., BPR #021700
2125 Middlebrook Pike
Knoxville, TN 37921
(865) 546-2141
Brentsnyder77@gmail.com

Attorneys for Plaintiff